FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 NOV -5  PM 12: 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BY_____ DEPU__

| | | |
|---|---|---|
| **GLINDA F. HARRIS** | ) | |
| **2221 Cedley Street** | ) | |
| **Baltimore, Maryland 21230** | ) | **12 CV 3231** |
| *Plaintiff* | ) | Case No. GLR |
| vs | ) | |
| **NCO FINANCIAL SYSTEMS, INC.** | ) | |
| **507 Prudential Road** | ) | |
| **Horsham, Pennsylvania 19044** | ) | Judge _____ |
| *Defendant* | ) | |
| | ) | **Trial by Jury Demanded** |

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA, MCDCA and MCPA

### JURISDICTION

1. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. § 1331.

2. All conditions precedent to the brining of this action has been performed, waived or executed.

### PARTIES

3. The Plaintiff in this lawsuit is Glinda F. Harris (hereinafter "Plaintiff"), a natural person, who resides in Baltimore, Maryland.

4. Upon information and belief Defendant in this lawsuit is NCO FINANCIAL SYSTEMS, INC. (hereinafter "NCO") an unknown entity with offices at 507 Prudential Road, Horsham, PA 19044.

### VENUE

5. The occurrences which give rise to this action occurred in Baltimore, Maryland and Plaintiff resides in Baltimore, Maryland.

6. Venue is proper in the District Court of Maryland.

## GENERAL ALLEGATIONS

7. Plaintiff obtained her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar with in the reports.

8. Plaintiff found after examination of her Experian consumer credit reports that Defendant NCO had obtained Plaintiff's consumer credit report on or about January 2012.

9. Plaintiff found after examination of her Trans Union consumer credit report that Defendant NCO had obtained Plaintiff's consumer credit report on or about May 2012 and December 2012.

10. Discovery of violations brought forth herein occurred in January 2012 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## Count I

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

11. Paragraphs 1 through 10 are realleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

13. Experian is credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

14. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

16. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes an application for employment, for underwriting of

Complaint for Violations of FCRA, MCDCA and MCPA
Glinda F. Harris | 2221 Cedley Street Baltimore, Maryland 21230 | 443-324-7977 | glindaharris6@gmail.com

2

insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Defendant NCO.

18. In January 2010 defendant obtained the Experian consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

19. At no time did Plaintiff give her consent for NCO to acquire her consumer credit report from any credit reporting agency.

20. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. §1681b and an egregious violation of Plaintiff's right to privacy.

21. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant NCO FINANCIAL SYSTEMS, INC. for statutory damages of $1,000.00, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

Complaint for Violations of FCRA, MCDCA and MCPA
Glinda F. Harris | 2221 Cedley Street Baltimore, Maryland 21230 | 443-324-7977 | glindaharris6@gmail.com

3

## Count II

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

22. Paragraphs 1 through 21 are realleged as though fully set forth herein.

23. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

24. Trans Union is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

25. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

26. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

27. Defendant obtained Plaintiff's consumer credit report a <u>second time</u> in May 2012 and a <u>third time</u> in December 2012 from Trans Union with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

28. Plaintiff sent a notice to NCO of their violations of the FCRA in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff engaged in settlement discussions with counsel representing NCO but failed to reach an acceptable agreement regarding damages to be paid to Plaintiff.

29. At no time did Plaintiff give her consent for NCO to acquire her consumer credit report from any credit reporting agency.

Complaint for Violations of FCRA, MCDCA and MCPA
Glinda F. Harris | 2221 Cedley Street Baltimore, Maryland 21230 | 443-324-7977 | glindaharris6@gmail.com

4

30. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. §1681b and an egregious violation of Plaintiff's right to privacy.

31. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant NCO FINANCIAL SYSTEMS, INC. for statutory damages of $2,000.00, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

### Count III
### VIOLATIONS OF MARYLAND CONSUMER DEBT COLLECTIONS ACT (MCDCA), 14-202 BY DEFENDANT NCO CREDIT SYSTEMS, INC.

32. Paragraphs 1 through 31 are realleged as though fully set forth herein.

33. Plaintiff is a person within the meaning of MCDCA § 14-201(d).

34. NCO is a collector within the meaning of the MCDCA § 14-201(b).

35. NCO is a collector and thereby violated the MCDCA. Defendant violations include but are not limited to, the following:

(a) Violating MCDCA, Md. Code Ann., Com. Law §14-202(3) Disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false; (5) Except as permitted by statute, disclose or threaten to disclose to a person other than the debtor or his spouse or, if the debtor is a minor, his parent, information

Complaint for Violations of FCRA, MCDCA and MCPA
Glinda F. Harris | 2221 Cedley Street Baltimore, Maryland 21230 | 443-324-7977 | glindaharris6@gmail.com

5

which affects the debtor's reputation, whether or not for credit worthiness, with knowledge that the other person does not have a legitimate business need for the information; and (8) by claim, attempt, or threaten to enforce a right with knowledge that the right does not exist.

**WHEREFORE**, Plaintiff demands judgment in the amount of $1,000.00 for damages against the Defendant, NCO FINANCIAL SYSTEMS, INC. for emotional distress, or mental anguish pursuant to MCDCA, Title 14 Subtitle 2 Md. Code Ann., Com. Law §14-203.

**<u>Count IV</u>**
**VIOLATIONS OF MARYLAND CONSUMER PROTECTION ACT (MCPA), Code Ann. Title 13 BY DEFENDANT NCO CREDIT SYSTEMS, INC.**

36. Paragraphs 1 through 35 are realleged as though fully set forth herein.

37. Plaintiff is a consumer within the meaning of Title 13 Subtitle 1 § 13-101(c)(1).

38. NCO is a merchant within the meaning of the Title 13 Subtitle 1 § 13-101(g)(1).

39. NCO violated Title 13 Subtitle 3 § 13-301(1) by, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity tendency, or effect of deceiving or misleading consumers.

40. Defendant violated Title 13 Subtitle 3 § 13-301(2), by Representation that:

    (a) (ii) A merchant has a sponsorship, approval, status, affiliation, or connection which he does not have.

41. NCO violated Title 13 Subtitle 3 §13-301 (3) by, failure to state a material fact if the failure deceives or tends to deceive.

42. NCO violated Title 13 Subtitle 3 §13-301 (14) by, violation of a provision of:

    (a) (i) This title;

Complaint for Violations of FCRA, MCDCA and MCPA
Glinda F. Harris | 2221 Cedley Street Baltimore, Maryland 21230 | 443-324-7977 | glindaharris6@gmail.com

6

(b) (iii) Title 14, Subtitle 2 of this article, the Maryland Consumer Debt Collection Act;

43. NCO violated Title 13 Subtitle 3 §13-302 by, any practice prohibited by this title is a violation of this title, whether or not any consumer in fact has been misled, deceived, or damaged as a result of that practice.

44. Defendant violated Title 13 Subtitle 3 §13-303 by, a person may not engage in any unfair or deceptive trade practice, as defined in this subtitle or as further defined by the Division, in:

a) (4) The collection of consumer debts.

**WHEREFORE**, Plaintiff demands judgment in the amount of $6,000.00; fees and costs for damages against Defendant, NCO FINANCIAL SYSTEMS, Inc. for violations pursuant to Md. COMMERCIAL LAW Code Ann. Title 13 Subtitle 4 §13-410.

**WHEREFORE**, Plaintiff Glinda F. Harris, respectfully requests judgment be entered against the Defendant, NCO FINANCIAL SYSTEMS, INC., for the total amount of $10,000.00 plus court costs and any other relief that this honorable court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Date: 11/5/12

Respectfully submitted

Glinda F. Harris
2221 Cedley Street
Baltimore, Maryland 21230
(443) 324-7977

Complaint for Violations of FCRA, MCDCA and MCPA
Glinda F. Harris | 2221 Cedley Street Baltimore, Maryland 21230 | 443-324-7977 | glindaharris6@gmail.com

7

glindaharris6@gmail.com

Service To:

NCO Financial Systems, Inc.

C/o The Corporation Trust Incorporated

351 West Camden Street

Baltimore, Maryland 21201

Complaint for Violations of FCRA, MCDCA and MCPA
Glinda F. Harris | 2221 Cedley Street Baltimore, Maryland 21230 | 443-324-7977 | glindaharris6@gmail.com

8